# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DONALD EDWARD HEJNAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:17-CV-2557 CAS |
| v. ) | |
| ) | |
| U.S. XPRESS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This diversity matter is before the Court on defendant U.S. Xpress, Inc.'s ("defendant" or "U.S. XPress") motion for judgment on the pleadings under Rule 12(c), Federal Rules of Civil Procedure and, alternatively, to strike certain allegations pursuant to Rule 12(f). Plaintiff Donald Edward Hejnal ("plaintiff") opposes the motion and it is fully briefed. For the following reasons, the motion will denied in all respects.

## I. Background

This action for personal injuries asserts state law claims arising out of a motor vehicle accident. The First Amended Complaint ("complaint") alleges that on February 15, 2014, defendant Janine Evelyn Williams was driving a tractor-trailer owned and/or operated by defendant U.S. Xpress, Inc., traveling westbound on Interstate 44 in Franklin County, Missouri. Complaint ¶¶ 23-25. Plaintiff alleges he was traveling westbound on Interstate 44 at the same time, and Williams changed lanes into the right lane without noticing plaintiff's vehicle, causing the tractor-trailer and plaintiff's vehicle to collide. Id. ¶¶ 26-27. Plaintiff alleges he suffered painful, permanent, and disabling injuries as a result. Id. ¶¶ 28, 30.

Plaintiff alleges that defendant is an interstate commercial motor carrier and at all times relevant to the case was acting individually and through its drivers, agents, servants, and/or employees, each of whom were acting within the course and scope of their employment with defendant. Id. ¶ 18. Plaintiff alleges that at the time of the crash, Williams was hired by defendant and was operating the tractor-trailer in the course and scope of her employment with defendant. Id. ¶¶ 19, 22. Plaintiff alleges that the negligence of defendant and its drivers, agents, servants, and employees caused or contributed to cause his injuries, which are both physical and emotional. Id. ¶¶ 29-30.

Count I of the complaint asserts a negligence claim against defendant Williams,[1] and Count II asserts a vicarious liability/respondeat superior claim against U.S. XPress based on Williams's acts of negligence committed within the course and scope of her agency and employment with defendant. Counts III, IV, and V assert claims against U.S. Xpress for negligent hiring/retention, negligent training, and negligent entrustment, respectively. Plaintiff seeks actual and punitive damages.

Defendant moves for judgment on the pleadings on Counts II through V on the grounds that the complaint consists of "boilerplate allegations lifted wholesale from other pleadings even though they are not appropriate to this action, and therefore fail to meet the pleadings standard of Rule 8," and that plaintiff pleads no facts specific to it that are sufficient to state a claim under any of the theories pleaded. Defendant also asserts, "additionally or in the alternative," that it is entitled to judgment on Counts III, IV, and V because plaintiff fails to plead any facts sufficient to state a claim against it.

---

[1]As of the date of this order, the record does not reflect that defendant Williams has been served with summons and complaint.

Finally, in the alternative, defendant moves to strike plaintiff's allegations regarding alleged violations of the Federal Motor Carrier Safety Regulations ("FMCSR") because (1) the FMCSR does not provide a private cause of action and therefore references to it do not establish plaintiff's alleged causes of action and are unnecessary and immaterial, and/or (2) plaintiff has not pleaded facts in support of any alleged violation of the FMCSR.

## II. Legal Standard

"A motion for judgment on the pleadings should be granted when, accepting all facts pled by the nonmoving party as true and drawing all reasonable inferences from the facts in favor of the nonmoving party, the movant has clearly established that no material issue of fact remains and that the movant is entitled to judgment as a matter of law." Schnuck Markets, Inc. v. First Data Merchant Servs. Corp., 852 F.3d 732, 737 (8th Cir. 2017) (cited case omitted).

A motion under Rule 12(c) is determined by the same standards that are applied to a motion under Rule 12(b)(6). Ellis v. City of Minneapolis, 860 F.3d 1106, 1109 (8th Cir. 2017). To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Twombly, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

The Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," id. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Twombly, 550 U.S. at 555-56; Fed. R. Civ. P. 8(a)(2). The principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions. Iqbal, 556 U.S. at 678.

In considering a Rule 12(c) motion, the Court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). A motion for judgment on the pleadings pursuant to Rule 12(c) must be treated as a motion for summary judgment when matters outside the pleadings are presented and not excluded by the trial court. Rule 12(d), Fed. R. Civ. P. "Matters outside the pleadings" include any written evidence "in support of or in opposition to the pleading that provide[s] some substantiation for and does not merely reiterate what is said in the pleadings." McAuley v. Federal Ins. Co., 500 F.3d 784, 787 (8th Cir. 2007) (quoted case omitted).

### III. Discussion

#### A. "Boilerplate" Allegations, Counts II-V

Defendant moves for judgment on the pleadings on Counts II, III, IV, and V asserting that plaintiff's claims lack facial plausibility because they do not rise above the speculative level, and plaintiff has not pleaded sufficient factual content to allow the Court to draw a reasonable inference that defendant is liable for the misconduct alleged, as required by the Iqbal standard. Defendant asserts this is because the allegations in the complaint are "merely boilerplate allegations that are word-for-word identical to allegations in other complaints against trucking companies filed by plaintiff's counsel, are therefore speculative, and do not permit the Court to draw a reasonable

inference that **this** defendant has engaged in the misconduct alleged." Mem. Supp. Mot. J. Pleadings at 4. Defendant attempts to support its argument with matters outside the pleadings, specifically a copy of a complaint in another case, and portions of defendant Williams's motor vehicle record and driver's log, but the Court excludes and does not consider these exhibits.

As stated above, the complaint alleges facts concerning a tractor-trailer owned and/or operated by defendant and its employee or agent that collided with plaintiff's vehicle on February 15, 2014, and resulted in injury to plaintiff. The complaint asserts various causes of action based on the collision. Defendant admits in its Answer that the collision took place. Defendant cites no authority to support its argument that the complaint fails to state a claim, or is speculative, because the complaint's allegations are virtually the same as those pleaded in a separate lawsuit against another trucking company, i.e., it is a form pleading. "It is a matter of common knowledge in the legal community that standard form pleadings are routinely used by cost-conscious attorneys in all types of litigation." Powers v. Credit Mgmt. Servs., Inc., 776 F.3d 567, 570 (8th Cir. 2015).[2] This aspect of defendant's motion will be denied.

B. Counts III, IV, and V

Defendant also argues that plaintiff's claims for negligent hiring/retention, negligent training, and negligent entrustment fail to state a claim against it. The Court examines defendant's arguments as to each of these claims in turn.

---

[2]Of course, all pleadings, motions, and other papers must comply with Rule 11, Federal Rules of Civil Procedure, including that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]" Rule 11(b)(3), Fed. R. Civ. P.

5

1. Count III - Negligent Hiring/Retention

Defendant moves for judgment on Count III on two grounds: (1) plaintiff fails to plead any facts, as opposed to legal conclusions, in support of his claim for negligent hiring and/or retention; and (2) plaintiff's allegation in the complaint that the driver was acting within the course and scope of her employment, which defendant has admitted, directly contradicts the requirements of a claim for negligent retention as a matter of law. The Court addresses these in turn.

*a. Plaintiff Pleads Sufficient Facts to State a Claim*

Plaintiff responds that the complaint states a claim for negligent hiring/retention because it alleges the following facts: Defendant Williams was unqualified to operate a commercial motor vehicle due to her driving history, inexperience, lack of skill, lack of training, lack of knowledge, and/or physical medical condition, complaint ¶ 56; defendant U.S. XPress knew or should have known through the use of ordinary care that Williams was unqualified to safely operate a commercial motor vehicle and that she had a history of serious traffic violations and FMCSR violations, id. ¶¶ 58-60; and Williams's inexperience, lack of knowledge, and lack of training directly caused her to collide with plaintiff's vehicle and injure plaintiff. Id. ¶ 63.

Defendant replies that plaintiff does not identify any facts pleaded in support of Count III, but instead pleads a formulaic recitation of conclusory allegations rather than case-specific facts. Defendant asserts that a plaintiff making a negligent hiring or retention claim must plead the prior acts of misconduct by the employee that puts the employer on notice of her dangerous proclivities, citing Lambert v. New Horizons Community Support Services, Inc., 2016 WL 1562963, at *4 (W.D. Mo. Apr. 18, 2016); and Clevenger v. Howard, 2015 WL 7738372, at *3-4 (W.D. Mo. Nov. 30, 2015).

Under Missouri law, "a plaintiff states a prima facie case of negligent hiring by pleading that '(1) the employer knew or should have known of the employee's dangerous proclivities, and (2) the employer's negligence was the proximate cause of the plaintiff's injuries.'" Lambert, 2016 WL 1562963, at *4 (quoting Gibson v. Brewer, 952 S.W.2d 239, 246 (Mo. 1997) (en banc)). "An employer's knowledge of the employee's dangerous proclivities is based upon 'prior acts of misconduct.'" Id. (quoting Reed v. Kelly, 37 S.W.3d 274, 277 (Mo. Ct. App. 2000)). "[T]o maintain a negligent hiring claim, a plaintiff must allege that the employee demonstrated dangerous proclivities before committing the act that caused the injury at issue." Id. (citing Moreland v. Farren-Davis, 995 S.W.2d 512, 517 (Mo. Ct. App. 1999)).

The elements of a negligent retention claim are the same as for a negligent hiring claim. Reed, 37 S.W.3d at 278 (citing Gibson, 952 S.W.2d at 246). The negligent retention cause of action similarly requires "a dangerous proclivity of the employee and knowledge of that proclivity" by the employer, but is based on "the act of retaining an already hired employee rather than the initial act of hiring." Braxton v. DKMZ Trucking, Inc., 2013 WL 6592771, at *2 (E.D. Mo. Dec. 16, 2013) (citing Reed, 37 S.W.3d at 277-78).

Here, plaintiff's complaint alleges that U.S. XPress knew or should have known that Williams "had a history of serious traffic convictions and federal motor carrier safety regulation violations." This is a factual allegation that adequately alleges defendant's knowledge of prior misconduct by its employee. Plaintiff also alleges that defendant's negligence was the proximate cause of his injury. Defendant's motion to dismiss the negligent hiring/retention claim will be denied.

*b. Negligent Retention Does Not Require that the Employee was Acting Outside the Course of Employment*

Defendant's second argument is that the negligent retention claim fails as a matter of law because plaintiff alleges Williams was acting within the course and scope of her employment at the time of the collision, and such an allegation directly contradicts the requirements of a claim for negligent retention, citing Clevenger, 2015 WL 7738372, at *4-5. The court in Clevenger quoted Dibrill v. Normandy Associates, Inc., 383 S.W.3d 77, 87 (Mo. Ct. App. 2012), for the proposition that a "cause of action for negligent hiring or negligent supervision requires 'evidence that would cause the employer to foresee that the employee would create an unreasonable risk of harm outside the scope of his employment.'" Clevenger, 2015 WL 7738372, at *3. Clevenger states that an allegation an employee was acting within the course and scope of his employment "directly contradicts the requirements of a claim for negligent supervision/retention." Id. at *5. The Court believes this statement incorrectly conflates the elements of two separate causes of action under Missouri law, negligent supervision and negligent retention.

Under Missouri law, it is beyond doubt that "a negligent supervision claim requires as a necessary and indispensable element that the employee be acting outside of the scope of her employment." Nickel v. Stephens Coll., 480 S.W.3d 390, 402 (Mo. Ct. App. 2015). Negligent retention, however, does not include such an element. See Gibson, 952 S.W.2d at 246.

When a federal court sits in diversity, it must apply the governing precedent from the state's highest court, and when there is no case directly on point, the federal court must predict how the state supreme court would rule if faced with the same question. Blankenship v. USA Truck, Inc., 601 F.3d 852, 856 (8th Cir. 2010). "[D]ecisions of the state's highest court are to be accepted as definite state law unless the state court has later given clear and persuasive indication that its pronouncement will be modified, limited, or restricted." S.B.L. ex rel. T.B. v. Evans, 80 F.3d 307,

8

310 (8th Cir. 1996) (citations and internal quotations omitted); see also St. Paul Fire & Marine Ins. Co. v. Schrum, 149 F.3d 878, 880 (8th Cir. 1998).

As stated above, the elements of the Missouri causes of action for negligent hiring and retention are the same, and were definitively articulated by the Missouri Supreme Court in Gibson, 952 S.W.2d at 246. The court held that "[t]o establish a claim for negligent hiring or retention, a plaintiff must show: (1) the employer knew or should have known of the employee's dangerous proclivities, and (2) the employer's negligence was the proximate cause of the plaintiff's injuries." The Missouri Supreme Court cited to, among other cases, Gaines v. Monsanto Co., 655 S.W.2d 568, 571 (Mo. Ct. App. 1983), in which the Missouri Court of Appeals stated, "We conclude that an employer may be directly liable for negligent hiring or negligent retention of an employee where the employer knew or should have known of the employee's dangerous proclivities and the employer's negligence was the proximate cause of the plaintiff's injury." The court added, "Negligent hiring or retention liability is independent of respondeat superior liability for negligent acts of an employee acting *within the scope of his employment*." (emphasis added). Therefore, it is clear that the negligent retention cause of action does not require that an employee act outside the scope of his employment for the employer to be liable.[3]

The Missouri Supreme Court has not addressed negligent hiring or retention since Gibson, and therefore has not given a clear and persuasive indication that its pronouncement therein will be modified, limited, or restricted. This Court's review of the law indicates that Missouri Court of Appeals decisions, except for Dibrill, do not include as an element of the negligent retention cause

---

[3]In contrast, the court in Gibson subsequently discussed negligent supervision, quoting Restatement (Second) of Torts § 317, which places a duty on the employer to exercise reasonable care so as to control an employee "while acting outside the scope of employment" under certain circumstances. Id. at 247.

9

of action that the employee must be acting outside the course and scope of employment. See, e.g., Storey v. RGIS Inventory Specialists, LLC, 466 S.W.3d 650, 657 (Mo. Ct. App. 2015) ("To establish a claim for negligent hiring or retention, a plaintiff must show: (1) the employer knew or should have known of the employee's dangerous proclivities, and (2) the employer's negligence was the proximate cause of the plaintiff's injuries." (citing Reed, 37 S.W.3d at 277); Gibson, 952 S.W.2d at 246). "To sustain a claim based on the theory of negligent hiring and retention, the plaintiff must plead and prove that an employer-employee relationship existed." Id. (citing Moreland v. Farren-Davis, 995 S.W.2d 512, 517 (Mo. App. W.D. 1999)).

In the Dibrill case, the Missouri Court of Appeals cited Reed, 37 S.W.3d at 278, to support the proposition that a negligent retention claim requires an act by the employee outside the scope of his employment. Reed, however, states that the elements of negligent retention are the same as for negligent hiring, id. (citing Gibson, 952 S.W.2d at 246), and explains that "[a]n employer may be liable for negligent hiring if the employer knew or should have known of the employee's dangerous proclivities and the employer's negligence was the proximate cause of plaintiff's injury." Id. at 277. Reed then articulates the elements of a negligent supervision claim based on Restatement § 317, and comments that negligent supervision "also," i.e., in contrast to a negligent hiring or retention claim, requires a showing that the employee was acting outside the course and scope of his employment. Id. at 278. Reed plainly does not hold that either negligent hiring or negligent retention requires a showing that the employee was acting outside the course and scope of his employment.

Thus, Dibrill adds a requirement to the negligent retention cause of action that was not established by the Missouri Supreme Court in Gibson, and is not supported by the case it cites for the proposition, Reed. The Court believes Dibrill is an incorrect articulation of Missouri law based

10

on an apparent misreading of prior precedent, and as such is not the best evidence of Missouri law. The Court therefore declines to follow Dibrill and the federal cases that cite it.[4] See Washington v. Countrywide Home Loans, Inc., 747 F.3d 955, 957-58 (8th Cir. 2014) (declining to following Missouri Court of Appeals decision that ignored controlling precedent by the Missouri Supreme Court); Harris v. Mortgage Professionals, Inc., 781 F.3d 946, 948-49 (8th Cir. 2015) (district court incorrectly relied on intermediate court decision that did not follow Missouri Supreme Court's holdings).

The Court will therefore deny defendant's motion to dismiss the negligent retention claim.

2. Count IV - Negligent Training

Defendant moves to dismiss plaintiff's negligent training claim on the basis that plaintiff fails to plead facts to identify what training was provided to its employee Williams and how this lack of training contributed to his alleged injuries. Defendant argues that all of plaintiff's allegations concerning training are conclusory and therefore fail to state a claim. Defendant asserts that where no facts are alleged about the training the driver received, the plaintiff has not stated a plausible ground for relief, citing Lambert, 2016 WL 1562963, at *5-6, and Clevenger, 2015 WL 7738372, at *5.

Plaintiff responds that he alleges U.S. Xpress breached its duty to properly train its drivers on the safe operation of a tractor-trailer by "failing to properly instruct defendant Williams on the safe operation of a tractor trailer, failing to properly instruct [her] on the FMCSR; and failing to provide adequate continuing safety courses to [her]." Pl.'s Mem. Opp. at 9 (citing complaint ¶¶ 68, 73, 75, and 77).

---

[4] The Court notes that this misstatement in Dibrill has been cited with approval in at least one other federal district court case in addition to Clevenger. See Harris v. Daviess-Dekalb Cnty. Reg'l Jail, 2016 WL 3645201, at *3 (W.D. Mo. June 30, 2016).

"Negligent training under Missouri law is a variant of ordinary negligence." Braxton, 2013 WL 6592771, at * 3 (citing Garrett v. Albright, 2008 WL 795621, at *5 (W.D. Mo. Mar. 21, 2008)); G.E.T. ex rel. T.T. v. Barron, 4 S.W.3d 622, 624 (Mo. Ct. App. 1999). To state a claim for negligent training, a plaintiff must plead: "(1) a legal duty on the part of the defendant to use ordinary care to protect the plaintiff against unreasonable risks of harm; (2) a breach of that duty; (3) a proximate cause between the breach and the resulting injury; and (4) actual damages to the plaintiff's person or property." Braxton, 2013 WL 6592771, at * 3 (quoting Hoover's Dairy, Inc. v. Mid-America Dairymen, Inc., 700 S.W.2d 426, 431 (Mo. 1984) (en banc)).

Plaintiff's allegation that defendant failed to properly instruct its employee Williams on the safe operation of a tractor-trailer is a legal conclusion, which the Court disregards. Cf. Clevenger, 2015 WL 7738372, at *5. However, plaintiff's allegations that defendant failed to properly instruct Williams on specific Federal Motor Carrier Safety Regulations, and failed to provide her with adequate continuing safety courses, are factual allegations. (Complaint ¶¶ 71-73). The Court finds these factual allegations, accepted as true, are sufficient to state a claim to relief that is plausible on its face. Defendant's motion to dismiss Count IV will be denied.

### 3. Count V - Negligent Entrustment

Defendant moves to dismiss plaintiff's negligent entrustment claim on the basis that Count V is devoid of factual allegations specific to defendant Williams's driving history, training, experience, or knowledge, and contains only legal conclusions that Williams had a poor driving history, lack of training, lack of experience, and lack of knowledge of the FMCSR.

Plaintiff responds that he states a claim for negligent entrustment because he has pleaded facts that Williams had a poor driving history, lack of training, lack of experience, and lack of knowledge, and when proved true will show that Williams was incompetent and should not have

12

been entrusted with defendant's tractor-trailer. Plaintiff also states that he alleges defendant knew or should have known of Williams's incompetence, and that her inexperience as a truck driver caused her to collide with plaintiff's vehicle, resulting in substantial injuries.

To establish a claim of negligent entrustment, a plaintiff must plead and prove that (1) the entrustee is incompetent by reason of age, inexperience, habitual recklessness, or otherwise, (2) the entrustor knew or had reason to know of the incompetence, (3) there was an entrustment of a chattel, and (4) the negligence of the entrustor concurred with the negligence of the entrustee as a proximate cause of the harm to the plaintiff. McHaffie ex rel. McHaffie v. Bunch, 891 S.W.2d 822, 825 (Mo. 1995) (en banc); Rebstock v. Evans Prod. Eng'g Co., Inc., 2009 WL 3401262, at *16 (E.D. Mo. Oct. 20, 2009) (citing Evans v. Allen Auto Rental & Truck Leasing Co., 555 S.W.2d 325, 326 (Mo. 1977)).

The Court has found that plaintiff has pleaded facts to show that Williams "had a history of serious traffic convictions and federal motor carrier safety regulation violations," and that defendant failed to properly instruct Williams on specific Federal Motor Carrier Safety Regulations and failed to provide her with adequate continuing safety courses. These factual allegations, taken as true and combined with plaintiff's allegations that defendant knew of them and entrusted Williams with the tractor-trailer, and that they resulted in harm to plaintiff, are sufficient to establish a claim of negligent entrustment. Defendant's motion to dismiss Count V will be denied.

C. Alternative Motion to Strike

Finally, defendant moves in the alternative to strike allegations in the complaint regarding alleged violations of the Federal Motor Carrier Safety Regulations ("FMSCR") because they are redundant, immaterial, or impertinent. Specifically, defendant asserts these allegations should be struck because (1) the FMSCR does not provide a private cause of action for personal injuries and

references thereto do not establish plaintiff's alleged causes of action, and (2) plaintiff has not pleaded facts in support of any alleged violation of the FMSCR.

In response, plaintiff agrees that the FMSCR does not create a private cause of action and states that is why he has not alleged a caused of action thereunder. Plaintiff states that he brings common-law negligence theories and references the FMSCR as evidence of statutorily determined standards of care that were breached by defendant.

Under Federal Rule of Civil Procedure 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f), Fed. R. Civ. P. Motions to strike are not favored and are infrequently granted, because they propose a drastic remedy. Stanbury Law Firm, P.A. v. Internal Revenue Service, 221 F.3d 1059, 1063 (8th Cir. 2000). Nonetheless, resolution of such a motion lies within the broad discretion of the Court. Id. Matter will not be stricken unless it clearly has no possible bearing on the subject matter of the litigation and will prejudice the defendant. 2 James W. Moore, et al., Moore's Federal Practice §12.37[3] (3rd ed. 2016). The term redundant as used in Rule 12(f) refers to statements "wholly foreign to the issue or that are needlessly repetitive of immaterial allegations." Resolution Trust Corp. v. Fiala, 870 F. Supp. 962, 977 (E.D. Mo. 1994) (citation omitted). "Immaterial claims are those lacking essential or important relationships to the claim for relief." Id. (citation omitted). "Impertinent claims are those that do not pertain to the issues in question." Id.

Contrary to defendant's assertion, plaintiff's complaint does not attempt to state a claim for relief under the FMSCR. Plaintiff does not allege a violation of a federal regulation as a cause of action in its own right. Rather, plaintiff's complaint merely alleges possible violations of federal regulations as an element of state law causes of action. See, e.g., Soo Line Railroad Co. v. Werner Enters., 825 F.3d 413, 421-22 (8th Cir. 2016) (whether driver violated FMCSR by failing to disclose

fatigue diagnosis was submitted to jury as part of negligence claim); Garrett, 2008 WL 795621, at *3 (discussing whether FMCSR was complied with in connection with negligence claims under Missouri law); see also Pierce v. Platte-Clay Elec. Coop., Inc., 769 S.W.2d 769, 772 (Mo. 1989) (en banc) ("Evidence of industry standards is generally admissible as proof of whether or not a duty of care was breached."). Defendant has not cited any authority to establish that plaintiff's references to the FMSCR in connection with his allegations of negligence are redundant, immaterial, or impertinent. The motion to strike will be denied.

## IV. Conclusion

For the foregoing reasons, defendant U.S. XPress, Inc.'s Motion for Judgment on the Pleadings and its alternative Motion to Strike will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant U.S. XPress, Inc.'s Motion for Judgment on the Pleadings is **DENIED**. [Doc. 14]

**IT IS FURTHER ORDERED** that defendant U.S. XPress, Inc.'s alternative Motion to Strike is **DENIED**. [Doc. 14]

                                                                                              /s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  24th  day of January, 2018.